[Civ. No. 3936. Third Appellate District.—April 17, 1930.]

P. J. O'BRIEN, Appellant, v. OSCAR RAUDIO, Respondent.

A. W. Hill for Appellant.

Charles Kasch, Leonard Stone and Wayne P. Burke for Respondent.

PARKER, J., pro tem.—Plaintiff, as assignee and for purposes of collection, brought suit to recover upon a certain promissory note.

Defendant admitted the execution of the note, but alleged a lack of consideration and, also, the further defense that the execution and delivery of the said note were procured through duress and fraud.

On these issues trial was had and a judgment went for the defendant. From the judgment entered plaintiff appeals. The sole ground of the appeal is that the judgment is not supported by the evidence and that the evidence does not sustain the findings upon which the said judgment is predicated.

It is conceded by appellant that it is not within the province of a reviewing court to again examine into disputed questions of fact and to determine anew any conflicts that might arise therefrom. With that concession, the appeal falls of its own weight. Not only is the evidence supporting plaintiff's claim wholly unreliable and in itself weak and unsatisfactory, but the conflict created by the evidence of defendant is a real conflict and more persuasive. Not one error of law is complained of. The entire brief of appellant is but an argument on the facts and an attempt to show that the conclusions of the learned trial judge were erroneous. When it is possible to array the facts presented by each side and then build up an argument requiring many pages of printed brief with topical headings and subheadings, then, at least, one thing is demonstrated, namely, that ample reasons are present to indicate a fair difference of opinion.

We do not feel that this appeal, so lacking in merit, is worthy of a recital of the facts. Such a recital would serve no purpose, useful or otherwise. The harmful effect, however, of a lengthy detail of facts, might be to establish a precedent that would lead every unsatisfied litigant to hope that courts of appeal might engage in a trial *de novo* of his particular case. It might be noted that the trial court reopened the case, and even thereafter permitted another reopening for the purpose of receiving depositions.

While our reports contain hundreds of cases announcing the rule of appellate courts, it will suffice to quote the language of the Supreme Court in the case of *Hotaling* v. *Hotaling*, 187 Cal., at page 699 [203 Pac. 745, 747], wherein the court, in referring to the point raised on conflicting evidence, says: "In passing upon this point the function of this court is much less complicated than was that of the trial court. The trial judge was called upon to delicately adjust the balance so as to determine upon which side, in

this great mass of conflicting evidence and inference, the preponderance might lie, while upon this appeal our duty is only to ascertain if there was any substantial showing in behalf of the court's finding to give rational support to the conclusion reached."

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.